**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-5132**

─────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RONALD WILLIAMS,

                                        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:05-cr-00301-D)

─────────────

Submitted:  July 16, 2007            Decided:  July 27, 2007

─────────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender,  Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United State Attorneys,
Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Williams pled guilty to possessing a firearm, having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced Williams to eighty-five months in prison. Williams timely appealed, arguing that the district court miscalculated his criminal history points and erroneously determined that he held a leadership role. We affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence to determine whether the district court has correctly calculated the advisory guidelines range and has considered the range, as well as the factors set out in § 3553(a), and whether the sentence is reasonable. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

First, Williams argues the district court misapplied U. S. Sentencing Guidelines Manual § 4A1.2, comment. (n.11) (2005), resulting in an increased criminal history score. We conclude the district court correctly interpreted § 4A1.2 and properly applied the guideline when it calculated Williams's criminal history score.

Williams also argues the district court erroneously assigned him two points for holding a leadership role in criminal activity pursuant to USSG § 3B1.1(c). We conclude the district court properly applied a leadership enhancement because Williams

provided the funds involved in the transaction and directed another participant to purchase a specific type of firearms.

We therefore affirm Williams's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED